FILED
2005 Dec-12 PM 02:18
U.S. DISTRICT COURT
N.D. OF ALABAMA

```
             IN THE UNITED STATES DISTRICT COURT
            FOR THE NORTHERN DISTRICT OF ALABAMA
                       MIDDLE DIVISION

THERON OLIVER,                    }
                                  }
     Plaintiff,                   }
                                  }      CIVIL ACTION NO.
v.                                }      04-AR-2684-M
                                  }
THE COCA-COLA COMPANY and         }
BROADSPIRE SERVICES, INC.,        }
                                  }
     Defendants.                  }
```

**MEMORANDUM OPINION**

This court often reserves a prevailing plaintiff's request for attorneys' fees filed pursuant to a fee shifting statute pending the outcome of an appeal taken by the non-prevailing defendant. In this case, because there is an appealing defendant's motion for the fixing of a supersedeas bond, and because such a bond should include plaintiff's attorney's fee, if any, the court will now address plaintiff's fee request, to which there has been no response by defendant, Broadspire Services, Inc. ("Broadspire"). The response by defendant, The Coca-Cola Company ("Coca-Cola"), is limited to its contention that no fee whatsoever should be awarded. Neither of the two defendants complains about the amount of the attorney's fee and expenses requested by plaintiff, Theron Oliver ("Oliver"), namely, $37,900.40.

The court respectfully declines Coca-Cola's suggestion that the court should exercise the admitted discretion granted it by 29 U.S.C. § 1332(g)(1) to deny Oliver a reasonable attorney's fee despite the fact that he clearly prevailed. The court decides to award a fee not because the court finds "bad faith" by Broadspire or by Coca-Cola, but the court admits being influenced by its belief that one of the purposes of

awarding a fee to a prevailing plaintiff in an ERISA case is to deter fiduciary decision-making of the sort found in this case.

Although neither defendant quarrels with Oliver's suggested lodestar of $250 per hour, nor with the novelty of the undertaking by Oliver's counsel, nor with the lawyer-hours actually expended or necessary, the court undertakes to trim Oliver's request to meet the standards required for fee fixing for a prevailing party.  The court reduces the lodestar to $210, despite the facts that Oliver's counsel is one of the most experienced ERISA plaintiffs' lawyers in the Northern District of Alabama, and that he performed his role as an advocate admirably in this case and that he assumed considerable risk.  Also, the court discounts Oliver's request by what the court finds was the lawyer time and effort spent seeking medical benefits for Oliver that were not allowed by the court.  Without doing the extensive analysis that might have been required if defendants had not offered such a desultory defense, the court finds that a fair and reasonable attorney's fee and expense reimbursement is $30,000, for which a separate amendment to the judgment will be entered.

DONE this 12th day of December, 2005.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE